

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MARVIN LOVELL,

               Plaintiff,

   -against-

CONSOLIDATED EDISON OF NEW YORK,
INC.,

              Defendant.
--------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-7592 (CBA)

**AMON, Chief United States District Judge:**

      Plaintiff Marvin Lovell brings the instant <u>pro se</u> action pursuant to Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §§ 2000 <u>et seq.</u> He has filed an application to proceed <u>in forma</u>

<u>pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, Lovell's

application for IFP status is denied. If Lovell elects to pursue this action, he is directed to: (1)

pay the filing fee of $400 within fourteen (14) days of the date of this Order; and (2) file an

amended complaint within thirty (30) days of the date of this Order.

## BACKGROUND

      Lovell alleges that he was discriminated against by his employer, Consolidated Edison of

New York, Inc. ("Con Edison"). Specifically, Lovell alleges that "Paul Olmsted, Section

Manager of Meter Operations and Consolidated Edison" discriminated against him on March 16,

2012, and retaliated against him, "due to religion, military status, and . . . race." (Compl. ¶ 8.)

On the form complaint, Lovell indicates he is Christian, but has not indicated his race. (<u>Id.</u> ¶ 7.)

According to Lovell, Con Edison is still committing these acts of discrimination and retaliation

against him. (<u>Id.</u> ¶ 6.) In a letter attached to his complaint, Lovell indicates that he filed a

complaint with the New York State Department of Human Rights ("SDHR"), and dual-filed with

the Equal Employment Opportunity Commission ("EEOC"). (Compl. at 6.) Lovell further

indicates that he filed a case in New York state court, which was dismissed. (Id.) He did not appeal that decision. (Id.) According to Lovell, the EEOC issued a Right to Sue letter that he received on September 19, 2012. (Compl. ¶ 12.)

## DISCUSSION

### I.    Request to Proceed IFP

The IFP statute allows for the "commencement . . . of any suit . . . without prepayment of fees" if the litigant submits an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." Pinede v. New York City Dep't of Envtl. Prot., No. 12-CV-6344(CBA), 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013); see also Glass v. Comm'r of Soc. Sec., No. 13-CV-4026(ENV), 2013 WL 3938740, at *1 (E.D.N.Y. July 30, 2013) (citing Davis v. New York City Dep't of Educ., No. 10-CV-3812(KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010)). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). A district court has discretion to decide whether a plaintiff qualifies for IFP status. Pinede, 2013 WL 1410380, at *2; see also DiGianni v. Pearson Educ., No. 10-CV-0206(RJD)(LB), 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Maccaro v. New York City Health & Hosp. Corp., No. 07-CV-1413(ENV)(LB), 2007 WL 1101112, at *1 (E.D.N.Y. Apr. 11, 2007)).

Here, the financial declaration form that Lovell has submitted does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. Lovell states that he is currently employed by National Grid and earns $4,800.00 monthly in net pay. (Appl. To Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.") ¶ 2.) He also receives

2

$1,300.00 per month in rental income, and $258.00 per month in disability payments. (Id. ¶ 3.) Further, Lovell has $1,309.02 in a checking or savings account. (Id. ¶ 4.) Lovell's regular monthly expenses total approximately $5,800: he pays $3,173.00 per month for a mortgage, approximately $250.00 a month for electricity, approximately $75.00 a month for gas, approximately $50.00 a month for water, $1,005.00 a month for car payments, $409.00 a month for insurance, $130.00 a month for cable service, $274.00 a month for heating oil, $140.00 a month for cell phone service, and $100.00 a month for transportation costs. (Id. ¶ 6.) Lovell further states that he pays $220.00 monthly to support two individuals and has various medical expenses. (Id. ¶¶ 7, 8.) By his own account, Lovell would still have approximately $550 of his monthly income and $1,309.02 in his savings account after paying each of these monthly expenses. Based on Lovell's IFP application, the Court finds that he has sufficient resources to pay the $400 filing fee to commence this action and his request to proceed IFP is therefore denied. See, e.g., DiGianni, 2010 WL 1741373, at *1 (denying plaintiff's request to proceed IFP based on his declaration that he earned $1,920.00 per month, had $300.00 in a checking account, and had various monthly expenses). In order to proceed further, Lovell must pay the $400 filing fee within fourteen (14) days of the date of this Order.

## II.    Title VII Claims

If Lovell elects to pay the $400 filing fee, the Court advises him that his Title VII claims appear to be untimely, and also fail to state a plausible claim for discrimination or retaliation.

### A.    Timeliness

"In order to successfully pursue a Title VII claim in federal court, a plaintiff must file h[is] federal complaint within 90 days of receipt of h[is] Right-to-Sue notice from the EEOC." Grys v. ERIndustrial Sales, Inc., 553 F. App'x 61, 62 (2d Cir. 2014) (citing 42 U.S.C. § 2000e-

3

5(f)(1)). This 90-day period, however, may be equitably tolled in certain circumstances. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982).

Here, Lovell alleges that the EEOC issued a Right to Sue letter which he received on September 19, 2012. (Compl. ¶ 12.) He did not file the instant action until over two years later, on December 31, 2014. Accordingly, based on the allegation in his complaint as to when he received the EEOC Right to Sue letter, the instant complaint is untimely. If Lovell decides to pay the filing fee and further pursue this litigation, he must include in the amended complaint any grounds he has to support the tolling of the 90-day limitations period. See Gonzales v. Legend Hospitality, No. 14-CV-6478(DLI), 2014 WL 5772176, at *3 (E.D.N.Y. Nov. 5, 2014) ("If [plaintiff] elects to file an amended complaint, she must submit any grounds she has for tolling the 90-day period following the receipt of the EEOC right-to-sue letter"); Gallop-Laverpool v. Brooklyn Queens Nursing Home, No. 14-CV-2880(JG), 2014 WL 3897641, at *3 (E.D.N.Y. Aug. 8, 2014) (advising pro se plaintiff that if she "failed to file the instant action within 90 days of the receipt of the right-to-sue letter, she must submit facts to support equitable tolling of the limitations period, that is, facts that, in fairness, excuse her failure to file the lawsuit on a timely basis."). If possible, Lovell should also attach the EEOC Right to Sue letter to any amended complaint he files with this Court in order to confirm the date on which the letter was issued.

B. Sufficiency of the Pleadings

Even assuming Lovell's Title VII claims are not time-barred, as currently pleaded the complaint fails to state a claim under Title VII. In order to avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555). Further, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Moreover, the submissions of a pro se litigant "must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after Twombly . . . we remain obligated to construe a pro se complaint liberally." (citing Erickson v. Pardus, 551 U.S. 89 (2007))).

Lovell asserts a claim under Title VII, which prohibits discrimination on the basis of an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). To establish a prima facie case of discrimination, a plaintiff must show that: (1) he is a member of a protected class, (2) he was qualified for the position he held, (3) he suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Brown v. City of Syracuse, 673 F.3d 141, 150 (2d Cir. 2012) (internal quotation marks and citation omitted). Although a plaintiff is not required to plead facts to show a prima facie case of discrimination, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-12 (2002), "dismissal is nevertheless appropriate where the plaintiff 'fail[s] to allege even the basic elements of a discriminatory action claim,'" Maldonado v. George Weston

5

Bakeries, 441 F. App'x 808, 809 (2d Cir. 2011) (quoting Patane v. Clark, 508 F.3d 106, 112 & n.3 (2d Cir. 2007)).

As an initial matter, although Lovell has indicated his religion, he has failed to indicate his race. Further, Lovell's complaint contains only the conclusory allegation that he was discriminated against "due to religion . . . and additionally [his] race." (Compl. ¶ 8.) He does not provide any facts supporting this allegation. See Jackson v. Cnty. of Rockland, 450 F. App'x 15, 19 (2d Cir. 2011) (finding plaintiff failed to state plausible discrimination claim based on "bald assertions of discrimination and retaliation, unsupported by any comments, actions, or examples . . . from which [the court] could infer that the defendants possessed a discriminatory or retaliatory motive."). Lovell has also failed to identify what adverse employment actions were taken against him. These allegations are therefore insufficient to state a claim for discrimination.

Lovell further alleges that he was retaliated against due to his religion and his race. (Compl. ¶ 8.) In order to establish a claim for retaliation, a plaintiff must show that "(1) []he engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 14 (2d Cir. 2013) (internal quotation marks and citation omitted). Here, again, Lovell makes only bald assertions that he was retaliated against, without providing any factual allegations indicating that there was a causal connection between a protected activity and the adverse action. Indeed, he has not alleged that he engaged in any protected activity. See Chan v. Donahoe, No. 13-CV-2599(JBW), 2014 WL 6844943, at *20 (E.D.N.Y. Dec. 4, 2014) ("The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited

discrimination." (quoting <u>Cruz v. Coach Stores, Inc.</u>, 202 F.3d 560, 566 (2d Cir. 2000))).

Accordingly, his complaint fails to state a claim for retaliation.

### III. Claims Based on Military Status

Lovell also alleges that he was discriminated and retaliated against on the basis of his military status. Although military status is not one of the protected grounds under Title VII, in light of Lovell's <u>pro se</u> status the Court will construe this portion of his complaint as alleging claims under the Uniformed Services Employment and Reemployment Rights Act ("USERRA")—which is "very similar to Title VII," <u>Staub v. Proctor Hosp.</u>, 131 S. Ct. 1186, 1191 (2011)—and the New York State Human Rights Law ("NYSHRL"). As with his claims under Title VII, Lovell's complaint as currently pleaded fails to state a claim for relief under these statutes because he makes only "'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007)).

#### A. USERRA Claims

USERRA's anti-discrimination provision states that "[a] person who is a member of . . . a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by any employer on the basis of that membership." 38 U.S.C. § 4311(a). "An employer engages in a prohibited act under USERRA 'if the person's membership . . . in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership.'" <u>Lapaix v. City of New York</u>, No. 13-CV-7306(LGS), 2014 WL 3950905, at *5 (S.D.N.Y. Aug. 12, 2014) (quoting 38 U.S.C. § 4311(c)(1)). "Discriminatory motivation may be proven through direct or circumstantial evidence, including . . . an employer's

7

expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses." Lapaix, 2014 WL 3950905, at *5 (quoting Woodard v. New York Health & Hosps. Corp., 554 F. Supp. 2d 329, 348-49 (E.D.N.Y. 2008)).

Here, Lovell's complaint contains only the conclusory allegation that he was discriminated against due to his "military status." (Compl. ¶ 8.) He does not provide any details about his military status, nor does he indicate what employment actions were taken against him. Further, he has failed to plead any facts that give rise to a plausible claim of discriminatory motivation. His complaint therefore fails to state a discrimination claim under USERRA.

Lovell's retaliation claim under USERRA similarly fails. "In order to make out a prima facie case of retaliation under USERRA, 'a plaintiff must show that (1) he was engaged in protected activity; (2) that the employer was aware of that activity; (3) that the plaintiff suffered an adverse employment action; and (4) that there was a causal connection between the protected activity and the adverse action.'" Lapaix, 2014 WL 3950905, at *6 (quoting Fink v. City of New York, 129 F. Supp. 2d 511, 527 (E.D.N.Y. 2001)). As with his Title VII retaliation claim, Lovell has failed to allege that he engaged in any protected activity—such as making complaints about any perceived discrimination based on his military status. Moreover, he has failed to include any factual allegations related to the retaliatory conduct. A conclusory allegation that he was "retaliated against" due to his "military status" is insufficient to state a plausible retaliation claim.

### B. NYSHRL Claims

Section 296 of the NYSHRL prohibits employers from discriminating against an individual "because of . . . [his] military status." N.Y. Exec. Law § 296(1)(a). Lovell's

complaint fails to state a claim for military status discrimination under the NYSHRL for the same reasons discussed above with respect to his USERRA claims. See Lapaix, 2014 WL 3950905, at *6 (employing same analysis for NYSHRL and USERRA military status discrimination claims).

The Court further notes that, to the extent Lovell does in fact seek to assert a claim under the NYSHRL, these claims may be barred by the election of remedies provisions contained in those statutes. Specifically, "NYHRL . . . claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court." York v. Ass'n of Bar of City of New York, 286 F.3d 122, 127 (2d Cir. 2002); see N.Y. Exec. Law § 297(9). "A plaintiff's election of remedies generally 'deprives the Court of subject matter jurisdiction over the state law claim of discrimination.'" Pinede v. New York City Dep't of Envtl. Prot., No. 12-CV-6344(CBA), 2013 WL 1410380, at *6 (E.D.N.Y. Apr. 8, 2013) (quoting Smith-Henze v. Edwin Gould Servs. For Children & Families, No. 06-CV-3049(LBS)(DCS), 2006 WL 3771092, at *3 (S.D.N.Y. Dec. 21, 2006)).

In Lovell's complaint, he indicates that he initially filed a complaint with the SDHR and subsequently filed an action in New York State Supreme Court, which was dismissed. (Compl. at 6.) However, he provides no information regarding the claims he raised before the SDHR or the grounds on which the SDHR dismissed his complaint. If Lovell decides to pay the filing fee and seeks to assert claims under the NYSHRL, he must state so explicitly and provide information about his complaint before the SDHR.[1] If possible, he should attach the SDHR complaint and the state court complaint, as well as corresponding decisions, to any amended complaint he files in this Court.

---

[1] This also applies to any claims Lovell attempts to assert under the NYSHRL based on his race or religion.

## CONCLUSION

For the reasons set forth above, Lovell's request to proceed in forma pauperis is denied. If Lovell elects to pursue this action, he must pay the $400 filing fee within fourteen (14) days of the date of this Order. In light of Lovell's pro se status, if he pays the filing fee within the time allowed, he is granted thirty (30) days leave from the date of this Order to file an amended complaint to address the deficiencies discussed above. He is advised that the amended complaint will completely replace the original complaint, and must be captioned "Amended Complaint" and bear the docket number 14-CV-7592(CBA). The Clerk of Court is directed to forward an employment discrimination form complaint to plaintiff with this Order.

No summons shall issue at this time and all further proceedings shall be stayed for fourteen (14) days or until Lovell has complied with this Order. If Lovell fails to pay the filing fee within the time allowed, the complaint will be dismissed without prejudice. Further, if Lovell pays the $400 filing fee but fails to file an amended complaint within thirty (30) days of the date of this Order, the instant action shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 11, 2015
        Brooklyn, New York

/S/ Chief Judge Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

10