UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARVIN LOVELL,

          Plaintiff,

-against-

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC.,

          Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-7592 (CBA) (VMS)

**AMON, United States District Judge:**

    Plaintiff Marvin Lovell brought this action pro se against his former employer, Consolidated Edison Company of New York, Inc. ("Con Edison"). Lovell alleged that Con Edison discriminated and retaliated against him on the basis of his race and his prior military service and subjected him to a hostile work environment. His complaint includes claims for relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.; New York State Executive Law § 296 ("New York State Human Rights Law"); New York City Administrative Code § 8-107 et seq. ("New York City Human Rights Law"); and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq. Con Edison moved to dismiss this action as barred by the statute of limitations, administrative exhaustion, res judicata, and collateral estoppel. (D.E. # 16-4.)

    By Memorandum and Order dated September 16, 2016, the Court dismissed Lovell's claims pursuant to Title VII, the New York State Human Rights Law, and the New York City Human Rights Law. (D.E. # 22 ("M&O") at 7–15.) Con Edison also moved to dismiss Lovell's USERRA claim, arguing that it was barred by res judicata and Lovell failed to state a claim. (D.E. # 16-6 at 7.) The Court denied Con Edison's motion to dismiss Lovell's USERRA claim, finding it was not barred by res judicata and it was sufficiently plead. (M&O at 15–19.) Con Edison now

1

seeks reconsideration of the Court's denial of its motion to dismiss Lovell's USERRA claim. (D.E. # 24-1 ("Def. Mem.").) For the reasons stated below, Con Edison's motion is granted.

## STANDARD OF REVIEW

Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Moreover, "a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing Shrader, 70 F.3d at 257). These standards should be "narrowly construe[d] and strictly appl[ied]." DeMartino v. Kruger, 09-CV-119 (NGG) (LB), 2011 WL 2728290, at *1 (E.D.N.Y. July 11, 2011). Ultimately, "[t]he determination of whether to grant or deny a motion for reconsideration lies squarely within the discretion of the district court." Archer v. TNT USA, Inc., 12 F. Supp. 3d 373, 376 (E.D.N.Y. 2014) (internal quotation marks and citations omitted).

## DISCUSSION

Con Edison argues that the Court should reconsider its determination that res judicata does not bar Lovell's USERRA claim. A federal court looks to New York law to determine the preclusive effect to afford a decision of a New York court. See Giannone v. York Tape & Label, Inc., 548 F.3d 191, 192–93 (2d Cir. 2008) ("[W]hen determining the effect of a state court judgment, federal courts, including those sitting in diversity, are required to apply the preclusion law of the rendering state." (internal quotation marks and alterations omitted)). The doctrine of

res judicata requires a party to show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001) (quotation marks and alterations omitted). The party claiming res judicata bears the burden of proving that the second action is barred, and it is not "dispositive that the two proceedings involved the same parties, similar or overlapping facts, and similar legal issues." Computer Assocs. Int'l, Inc. v. Altai, Inc., 126 F.3d 365, 369 (2d Cir. 1997).

In its September 16, 2016 Memorandum and Order, the Court found that the complaint in the instant case alleges at least one instance of discrimination on the basis of Lovell's military service that was not included in Lovell's state court action: Lovell alleged that his supervisors assigned him more projects and assignments, including storm duty, as compared to other employees in the same position because Lovell had served in the military. (See M&O at 17.) The Court found that because Lovell's USERRA claim arises from this allegation and it was not included in his state court complaint, res judicata did not preclude Lovell's USERRA claim in the instant action. (See id.)

Con Edison argues the Court should reconsider this determination because "the Court overlooked the fact that [Lovell's] state court complaint did allege that he was assigned a heavier workload than his peers for discriminatory reasons . . . [and] the state court expressly addressed and rejected that claim." (Def. Mem. at 1.) Con Edison also argues that even if Lovell did not expressly raise these facts in the state court proceeding, his claims should be dismissed because he "could have brought his USERRA discrimination claim in the state court action." (Id. at 8.) For support, Con Edison relies upon assertions that Lovell made in his counseled memorandum of law in opposition to Con Edison's motion to dismiss in the state court action. Those assertions include

3

that Lovell was asked to work significantly more hours than similarly situated white colleagues," was regularly called upon to perform Storm Duty in locations outside of his region," which was "supposed to be rotated amongst supervisors." (Def. Mem. at 8 (citing D.E. # 6 at 56).) These specific factual allegations were not in Lovell's state court complaint; instead it alleged that Lovell supervised more employees than his peers and that one of his peers was permitted to "work extensively inside the office" but "Lovell was often reprimanded for spending too much time . . . in the office." (D.E. # 6 at 34.)

The Court finds that the assertions Lovell made in his opposition brief in state court regarding his extra storm duty and additional responsibilities, although not, as Con Edison contends, demonstrative of the state court's actual consideration and rejection of them, show that Lovell's claim is barred by res judicata because the USERAA claim in this case arose out of the same connected series of events that formed the basis of his state court case. "Whether a claim that was not raised in the previous action could have been raised therein 'depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.'" TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 499 (2d Cir. 2014) (quoting Woods v. Dunlop Tire Corp., 972 F.2d 36, 38 (2d Cir. 1992)). The question of whether two actions arise from the same transaction or series of connected series of transactions is addressed by determining if the "underlying facts are related in time, space, origin, or motivation," the extent to which "they form a convenient trial unit," and whether such treatment "conforms to the parties' expectations or business understanding or usage." Id. (quoting Pike, 266 F.3d at 91). A claim or cause of action is comprised of the "identity of facts surrounding the occurrence," and not the legal theory used to frame the complaint. Woods, 972 F.2d at 39. Where material factual

4

allegations overlap, "the facts essential to the barred second suit need not be the same as the facts that were necessary to the first suit. It is instead enough that 'the facts essential to the second were [already] present in the first.'" Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 110–11 (2d Cir. 2000) (quoting Altai, 126 F.3d at 369). Thus, "[e]ven claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002)

Here, although the factual allegations in Lovell's complaint and the instant case are not identical, the claims in both cases arise from the same transaction or occurrence because they allege the same disparate treatment by the same supervisors during the same period of time. The principal substantive addition that Lovell made to his complaint in this action is that his supervisors "would ostracize[] me by stating that Lovell was in the military [and then] task [me] with more work than other supervisors." (D.E. # 21 at 8.) However, the only facts that he alleges to support his contention that he was assigned "more work" are the same nucleus of facts that formed the basis of his state court action, such as being assigned to "storm duty," and supervised more employees than his peers. (Compare D.E. # 21 at 25 (alleging that for the same time period that his supervisors "would not follow normal supervisor rotations of storm duty and would call [him] all the time to stand safety duty"), with id. at 56 ("While Storm Duty was supposed to be rotated amongst supervisors, Mr. Lovell was asked to work significantly more hours than similarly situated white colleagues"). Therefore, illuminated by his state court opposition brief, Lovell's state court complaint contained, or should have contained, all of the facts supporting his USERRA claim in this action because these facts were both available to him and had material overlap with those considered and rejected by the state court. Thus, Lovell's USERRA claim is barred by res judicata because the additional examples of Lovell receiving extra work responsibilities that he

5

alleges in this action are "merely additional examples of the earlier-complained of conduct, such that the action remains based principally upon the shared common nucleus of operative facts." Cameron v. Church, 253 F. Supp. 2d 611, 620 (S.D.N.Y. 2003).[1]

Furthermore, that Lovell has recast his complaint in the instant action as one premised on the theory that he was given more work because of his military service, not race, is of no moment because "[e]ven claims based upon a different legal theory are barred, provided that they arose from the same transaction." Risley v. Fordham Univ., No. 99 CIV. 9304 (DLC), 2001 WL 118566, at *4 (S.D.N.Y. Feb. 13, 2001); see also Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997). For example, in Risley, the court found that the plaintiff "complained essentially of the same retaliatory acts [in the state court proceeding] for which he seeks compensation here: the increase in his teaching load; . . . denial of promotions; and harm to his reputation in the scientific and academic communities." Id. The court held that the claims were barred by res judicata even though the plaintiff "did not plead employment discrimination in the state court action, the claims alleged in that litigation and this litigation arose from a common nucleus of operative facts." Id. See also Cieszkowska, 295 F.3d at 206 ("Although she raises a new legal theory in her second complaint, namely her claim of discrimination on the basis of nation[al] origin, Cieszkowska could have brought that cause of action in her prior [wage and hour] action.").

---

[1] Con Edison uses the term "res judicata" throughout its brief and further argues that the state court decided the facts alleged in this suit. It appears therefore that Con Edison is arguing both preclusion concepts: issue preclusion and claim preclusion, the latter of which "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit" while the former "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 (1984). The Court finds that Con Edison's arguments under issue preclusion are without merit because Con Edison has not shown that the state court actually considered the facts in Lovell's counseled opposition brief that were not alleged in his complaint. Indeed, the state court did not refer to the additional storm duty tasks that Lovell asserted in his opposition memorandum. Accordingly, to the extent Con Edison argues that Lovell's claims are barred by issue preclusion, that ground for reconsideration is denied.

Like in Risley, the same nucleus of facts that form the basis of Lovell's USERRA claim also formed the basis of his state court action alleging that the disparate treatment occurred because of his race. That Lovell now attributes the disparate treatment to his service in the military instead of his race is insufficient to avoid res judicata. See, e.g., Church, 253 F. Supp. 2d at 622 ("The addition, in Cameron II, of allegations concerning the respective races of the parties may go to supplying a different view of the motivation for the actions complained of, but it does not remove the actions from the ambit of the transactions complained of in Cameron I, and thus from the universe of claims that were concluded on their merits in that action."). Accordingly, because Lovell's USERRA claim arises from the same set of facts that his state court suit was based upon, res judicata bars him from asserting it in this action.

## CONCLUSION

For these reasons, the Court grants Con Edison's motion for reconsideration. The Clerk of Court is directed to enter judgment accordingly and to close the case.

SO ORDERED.

Dated: September 30, 2017
Brooklyn, New York

Carol Bagley Amon
United States District Judge